**Julius FERRARI, Administrator, et al., Plaintiffs,**

v.

**WOODSIDE RECEIVING HOSPITAL, et al., Defendants.**

No. C84–2739–Y.

United States District Court, N.D. Ohio, E.D.

Dec. 18, 1985.

Daniel L. Rossi, Co., L.P.A., Youngstown, Ohio, Ellen Simon Sacks, John D. Liber and Timothy A. Shimko, Spangenberg, Shibley, Traci & Lancione, Cleveland, Ohio, for plaintiffs.

David J. Kovach, Asst. Atty. Gen., Cleveland, Ohio, for defendants.

## ORDER

BELL, District Judge.

The plaintiff in this cause of action is Julius Ferrari, Administrator of the estate of his deceased son, John Ferrari. On August 29, 1984, Mr. Ferrari filed complaint here alleging that his son's constitutional rights were violated while John was a patient at the Woodside Receiving Hospital. Plaintiff sets forth his claim under the jurisdictional standards of 42 U.S.C. § 1983.

In its original state, the complaint contained the names of the following defendants: Woodside Receiving Hospital, the State of Ohio, Department of Mental Health and Mental Retardation, and Drs. Muhammed Khan and Gust Boulis. Both physician-defendants were employees of the defendant hospital. On November 30, 1984, however, plaintiff amended his complaint, dismissing Woodside and the Department of Mental Health and Mental Retardation as defendants. John Doe, the administrator of the hospital facility was added as a party defendant. Each of the remaining defendants, Drs. Khan and Boulis, are sued in their individual and not in their official capacities.

Presently pending before the court is a motion filed on behalf of the present defendants, which motion seeks an order dismissing this action pursuant to the provisions of Rule 12(b), Federal Rules of Civil Procedure. The defendants claim that the amended complaint fails to state a claim against them which can be prosecuted in this forum. When considering a motion to dismiss, the amended complaint must be construed in the light most favorable to the plaintiff and its allegations must be accepted as being true. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The action should not be dismissed unless it appears from the allegations in the complaint that even if accepted as true, the plaintiff would not be entitled to relief in this forum. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

According to the allegations of the amended complaint, John Ferrari was admitted to Woodside Receiving Hospital in July, 1983 for the treatment of a mental disorder. While there, the patient developed a blood clot which, in turn, led to his untimely death on September 22, 1983. During the time period encompassed by his stay at the hospital, John was under the care of and was treated by Drs. Khan and Boulis.

Plaintiff contends that the medical care received by decedent was inadequate, so much so that his constitutional rights were violated by the doctors named as defendants. Specifically, plaintiff states that the judgment exercised by the defendants during the process of diagnosis and treatment of John's physical disorder departed sub-

stantially from accepted professional standards. In this way, it is asserted, the conduct of the physicians violated their patient's constitutional rights and contributed directly to John's death. *See Youngberg v. Romeo,* 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982).

In support of the motion to dismiss, defendants argue several alternative legal reasons. First, defendants contend that plaintiff is precluded from bringing this action in this forum by virtue of the provisions of § 2743.02 of the Ohio Revised Code. Second, defendants contend that they are immune from plaintiff's prosecution of the instant action because all of the allegations contained in plaintiff's amended complaint arise from and have reference to the defendants' official acts. As a third and final basis for their motions, defendants argue that consistent with those principles enunciated in *Wilson v. Beebe,* 770 F.2d 578 (6th Cir.1985), plaintiff has no cause of action for an alleged constitutional violation in the federal forum when an adequate post deprivation remedy is available to plaintiff in the state court system.

■ The first issue raised—one relating to the question of jurisdiction—is that to which attention is now directed. As a beginning to any discussion of this issue, it is well to note that on February 24, 1984, plaintiff Ferrari filed a complaint in the Court of Claims of Ohio naming The State of Ohio, Department of Mental Retardation, Woodside Receiving Hospital, Dr. Muhammed Khan and Dr. Gust Boulis as defendants. As heretofore stated, the action presently before this court was filed on August 19, 1984. Also to be noted is the fact that plaintiff in the instant cause originally sought to sue the same parties in this forum. Such an action is precluded, as it impacts upon Woodside and the State of Ohio, by the State's Eleventh Amendment immunity from suit. The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The language of the Eleventh Amendment has been construed by the Supreme Court as an "affirmation that the fundamental principle of sovereign immunity limits the grant of judicial authority in Art. III." *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 98, 104 S.Ct. 900, 909, 79 L.Ed.2d 67 (1984). This affirmance of sovereign immunity was recognized in *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), to provide that a federal court could not consider an action filed by a citizen against his own state. Since the plaintiff was unable, consistent with the dictates of the Eleventh Amendment, to maintain an action in federal court the plaintiff elected to file a negligence action under state law against the State of Ohio and Woodside Receiving Hospital in the Ohio Court of Claims.

■ The Eleventh Amendment bar to an action by a citizen against a state has been restricted to such actions where the plaintiff seeks to recover damages payable out of state funds. *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.3d 662 (1974); *Foulkes v. Ohio Dept. of Rehabilitation & Correction,* 713 F.2d 1229 (6th Cir.1983). This bar is not absolute, however, and may be expressly waived by a sovereign entity such as the State of Ohio. *Pennhurst State School & Hospital v. Halderman, supra,* 465 U.S. at 99, 104 S.Ct. at 909, 79 L.Ed.2d at 77. In the absence of this consent to be sued, the Eleventh Amendment bar will extend to suits against a state, its agencies and the state officers or employees in their official capacity. *Id.* at 100, 104 S.Ct. at 910, 79 L.Ed.2d at 78. *Also see: Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Ass'n,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). The Eleventh Amendment bar does not, however, preclude suits for mon-

ey damages against state officers and employees in their individual capacities. *Scheuer v. Rhodes, supra* 416 U.S. at 237–38, 94 S.Ct. at 1690, 40 L.Ed.2d at 97 (1974); *Great Northern Life Insurance Co. v. Read*, 322 U.S. 47, 50–51, 64 S.Ct. 873, 877, 88 L.Ed. 1121, 1123–25 (1944).

In Ohio, the state has not totally waived its sovereign immunity. Instead, the state has chosen to restrict the forum in which suits can be brought against it. "The Court of Claims Act limits Ohio's waiver of immunity to claims determined in the Court of Claims. There is no waiver with respect to actions pending in federal or other state courts." *Ohio Inns, Inc. v. Nye*, 542 F.2d 673, 681 (6th Cir.1976). *Also see: Harley v. Carman*, 585 F.Supp. 1353 (N.D.Ohio 1984).

The Ohio Court of Claims Act, § 2743.02(A) of the Ohio Revised Code, sets forth Ohio's limited waiver of sovereign immunity as follows:

(A)(1) The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties, except that the determination of liability is subject to the limitations set forth in this chapter and except as provided in division (A)(2) of this section. To the extent that the state has previously consented to be sued, this chapter has no applicability.

Except in the case of a civil action filed by the state, *filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee.* The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the officer's or employee's office or employment or that the officer or employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner. (Emphasis added.)

The defendants contend that pursuant to this statute, the plaintiff's filing of a negligence action against the State of Ohio is "a complete waiver of any cause of action based on the same act or omission, which the filing party has against any state officer or employee." § 2743.02 of the Ohio Revised Code. Plaintiff, according to defendant's contention, has voluntarily waived any right to bring his action in the federal forum by reason of his choosing to sue the hospital employees in the state Court of Claims pursuant to § 2743.02(A) of the Ohio Revised Code.

The plaintiff's action in the Court of Claims concerns the alleged negligent acts and practices of various state employees, including Drs. Khan and Boulis, which actions proximately caused John Ferrari's death. Hence, if the language in § 2743.02(A) of the Ohio Revised Code is to be given effect, this court must find that the plaintiff voluntarily waived a federal cause of action in favor of an action against the State of Ohio.

Plaintiff argues that to interpret the language in the state statute as constituting a waiver of a federal cause of action would, in essence, permit a state legislature to define the extent of a federal court's subject matter jurisdiction over deprivations of constitutional rights. The plaintiff asserts, and this court agrees, that no state may properly legislate limits to a federal court's subject matter jurisdiction over claims arising under federal law. The terms of Article III of the United States Constitution give subject matter jurisdiction. Such jurisdiction is defined by both that constitution and the Congress of the United States. The state statute in question does not limit or infringe upon the court's subject matter jurisdiction; instead, the statute defines the state' limited waiver of its immunity under the Eleventh Amendment. Section 2743.02(A) addresses expressly the extent to which the state consents to waive its sovereign immunity under the Eleventh Amendment. Should a state determine, by legislative action, to limit its waiver of immunity to suits

brought in a specific forum or to place other rational conditions on the extent of that waiver, the state may do so. *Ohio Inns, Inc. v. Dye, supra,* 542 F.2d at 681. "A State's constitutional interest in immunity encompasses not merely *whether* it may be sued, but *where* it may be sued." (Emphasis in original.) *Pennhurst State School & Hospital v. Halderman, supra,* 465 U.S. at 99, 104 S.Ct. at 909, 79 L.Ed.2d at 78.

The interpretation above is not contrary to decisions of the United States Supreme Court which speak to the right of individual states to limit Eleventh Amendment immunity waivers to the end that claimants against the state be required to bring such claims in the state court system. *See: Great Northern Life Insurance Co. v. Read, supra* 322 U.S. at 55, 64 S.Ct. at 882, 88 L.Ed. at 1127; *Smith v. Reeves,* 178 U.S. 436, 20 S.Ct. 919, 44 L.Ed. 1140 (1900).

■ In this action, the plaintiff voluntarily chose to bring an action in the Ohio Court of Claims against the state. The plaintiff has no legal right to sue a sovereign entity such as Ohio absent the state's waiver of immunity in section 2743.02(A). This voluntary act on behalf of the plaintiff of choosing to sue the State of Ohio, as a matter of law, demonstrates an acquiescence by the plaintiff to proceed within the provision of section 2743.02(A) and waive any cause of action that may be brought individually in this court against the employees of the state based factually on the same acts or omissions alleged in the Court of Claims suit. For this reason, this court must conclude that the plaintiff voluntarily waived any right to bring an action against the individual physicians for alleged constitutional violations, given the circumstance that plaintiff elected to sue the State of Ohio under the limitations and conditions imposed by the state legislature in its limited waiver of sovereign immunity and consent to be sued in the Court of Claims.

Having determined that the plaintiff has voluntarily waived any right to bring this action against the employees of the State of Ohio, the court need not address the other issues raised in the defendant's motion to dismiss.

Accordingly, the defendants' motion to dismiss the amended complaint is hereby granted at plaintiff's costs. In the event it should be determined, at some later point in the proceedings in the Court of Claims, that the actions of the individual defendants Khan and Boulis were "manifestly outside the scope of the officer's or employee's office or employment, or that the officer or employee acted with malicious purpose, or bad faith or in a wanton or reckless manner" the claim now before this court may be reinstituted here. (§ 2743.02(A)(1) of the Ohio Revised Code.)

IT IS SO ORDERED.