827 F.2d 769
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Julius FERRARI, Plaintiff-Appellant,
v.
WOODSIDE RECEIVING HOSPITAL, et al., Defendants-Appellees.
 No. 86-3071
 United States Court of Appeals, Sixth Circuit.
 August 24, 1987.
 
 On Appeal from the United States District Court for the Northern District of Ohio.
 Before NATHANIEL R. JONES, KRUPANSKY and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 On August 29, 1984, Julius Ferrari, Administrator of the estate of his deceased son, filed an action under 42 U.S.C. Sec. 1983 in federal district court against Woodside Receiving Hospital and several of its employees, alleging that his son's constitutional rights had been violated while he was a patient at the hospital. However, Ferrari had previously, on February 24, 1984, filed a negligence action in the Ohio Court of Claims against the State of Ohio, the Department of Mental Retardation, Woodside, and the individual defendants. Ohio's limited waiver of sovereign immunity allows for suit against it only in the Court of Claims and provides that:
 
 
 2
 Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any state officer or employee.
 
 
 3
 Ohio Revised Code Sec. 2743.02(A)(1). The district judge, therefore, dismissed the section 1983 action, holding that Ferrari had waived his right to bring an action in federal court by filing first in the Ohio Court of Claims. Ferrari v. Woodside Receiving Hospital, 624 F. Supp. 899, 902 (N.D. Ohio 1985). Ferrari appeals this dismissal, arguing that the Ohio Court of Claims Act does not provide for waivers of federal actions.
 
 
 4
 This issue is controlled by the recent en banc case of Leaman v. Ohio Department of Mental Retardation and Development Disabilities, No. 85-3471 (6th Cir. July 23, 1987); and we therefore reserved decision in this case until the Leaman opinion was issued. There we specifically approved the Ferrari district court's interpretation of the Ohio Court of Claims Act (Leaman, slip op. at 10) and held that the waiver provision did not conflict with federal law.
 
 
 5
 Accordingly, on the basis of Judge Bell's opinion, we now affirm the district court's dismissal of Ferrari's section 1983 action.
 
 
 6
 NATHANIEL R. JONES, Circuit Judge, dissenting.
 
 
 7
 I dissent respectfully for the reasons set forth in Judge Keith's dissenting opinion in Leaman v. Ohio Dept. of Mental Retardation, No. 85-3471, slip op. at p. 25 (6th Cir. July 23, 1987) (en banc) (Keith, J., dissenting).